## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| Michael Nelson | ) | Case No: 12 CV 8485 |
|  | ) |  |
| v. | ) |  |
|  | ) | Judge: Young B. Kim |
|  | ) |  |
| Intercontinental Hotels Group | ) |  |
| Operating Corp. et al | ) |  |
|  | ) |  |

## ORDER

Plaintiff's motion to compel [33] is granted. Defendants have until November 18, 2013, to provide a copy of the documents in dispute. All matters relating to the referral of this action having been concluded, the referral is closed and the case is returned to the assigned District Judge.

In response to Plaintiff's request for documents, Defendants withheld four documents totalling five pages. (R. 33, Pl.'s Mot. at 1.) The court requested and Defendants submitted these documents for an in camera review. (R. 36.) The disputed documents are incident reports, titled "GENERAL LIABILITY CLAIM REPORT FORM," that Defendants' employees complete and forward to the risk management group when hotel guests report an accident in connection with their stay. (R. 39-1 at 2.) In their opposition to the motion to compel, Defendants assert that these reports are protected under the attorney-client privilege and work-product doctrine because these reports were prepared---pursuant to a corporate policy---in anticipation of litigation and to aid in possible future litigation. (R. 39-1 at 1-2.) Defendants cite Fojtasek v. NCL (Bahamas) Ltd., 262 F.R.D. 650 (S.D. Fl. 2009), for the proposition that incident reports prepared in anticipation of litigation are protected under the work-product doctrine. (R. 41, Defs.' Resp. at 2.) In Fojtasek, the court found that the work-product doctrine protected from disclosure the incident reports at issue there. In so finding, the court relied heavily on an affidavit prepared by a manager of damages claims who explained the reason for the preparation of incident reports, that the direction to prepare these reports came from legal counsel, and that these reports are submitted to the legal department. Id. at 654-55.

The nature of the incident reports involved in this case are similar to the incident reports that were at issue in Fojtasek in that Defendants' employees must have been instructed to complete these reports whenever a guest is involved in an accident while on Defendants' property. However, the court finds that the incident reports in dispute here are not protected from disclosure because Defendants failed to show that they are protected by either the attorney-client privilege or work-product doctrine. Defendants lay out the requisite elements for each privilege in their response but failed to provide sufficient evidence to persuade this court that the incident reports meet those elements. As for the attorney-client privilege, Defendants, as the party asserting the privilege, have to show that the contested communication "originated in confidence

that it would not be disclosed, was made to an attorney acting in his legal capacity for the purpose of securing legal advice or services, and remained confidential." Rounds v. Jackson Park Hosp. & Med. Ctr., 319 Ill.App.3d 280, 285-86 (1st Dist. 2001); see also Sandra T.E. v. South Berwyn Sch. Dist. 100, 600 F.3d 612, 618 (7th Cir. 2010). Within the corporate context, Illinois requires corporations asserting the attorney-client privilege to show that the contested communication was made by someone within the "corporate 'control group.'" Hyams v. Evanston Hosp., 225 Ill.App.3d 253, 257-58 (1st Dist. 1992). Aside from asserting that these incident reports are submitted to Defendants' "Risk Management Team in Rhode Island," Defendants failed to submit any information to satisfy the requisite elements for Defendant corporations to assert that the incident reports are protected by the attorney-client privilege. For example, Defendants failed to demonstrate to this court that these forms were communicated to the risk management group for purposes of seeking legal advice, that they were submitted in confidence, and that the information reflected therein was in fact kept confidential. Based on this court's in camera review, the information reflected on the incident reports is not confidential in nature. Nor have Defendants developed any argument demonstrating that the insurer-insured off-shoot of the attorney-client privilege applies here. See Holland v. Schwan's Home Serv., Inc., 992 N.E.2d 43, 85 (Ill. App. Ct. 2013).

The same is true for the work-product doctrine. Defendants failed to show that this protection applies here. The doctrine protects documents prepared by an attorney or the attorney's agent in anticipation of litigation for purposes of analyzing, evaluating, and preparing a client's case. See United States v. Smith, 502 F.3d 680, 689 (7th Cir. 2007); see also RBS Citizens v. Husain, 291 F.R.D. 209, 220 (N.D. Ill. 2013) (noting that the "work product doctrine protects litigation preparation efforts taken by counsel or at her direction").

In determining whether documents are protected as work product, the court must examine whether the sought-after documents convey an attorney's thought processes and mental impressions. Sandra T.E., 600 F.3d at 621-22. Merely asserting summarily that these forms were prepared in anticipation of litigation is insufficient, especially because of the nature of the information reflected in the incident reports. Defendants did not point to any evidence tending to show that their attorneys directed Defendants' employees to prepare these incident reports or that the information reflected on these reports convey an attorney's thought processes and mental impressions. Based on this court's in camera review, the incident reports were completed in the ordinary course of business, per corporate policy, which may have the incidental effect of being helpful in the event of future litigation. For these reasons, Plaintiff's motion to compel is granted.

Date: November 1, 2013 /s/ Young B. Kim